UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**TIRZA F. MING,**

          **Plaintiff,**

 vs.                 6:23-CV-86
                          (MAD/ML)

**JULIA BROUILLETTE,** *in her official and personal capacities*, **and MINDY A. LAND,**

         **Defendants.**
_____

APPEARANCES:           OF COUNSEL:

**TIRZA F. MING**
709 Columbia Street
Utica, New York 13502
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

  Plaintiff commenced this action on January 23, 2023, asserting various causes of action against Defendant Julia Brouillette, an Oneida County Family Court Judge, and Mindy Land, an individual who allegedly lived with Plaintiff while she was a minor and up until January 18, 2023. *See* Dkt. No. 1. Although difficult to discern, the claims in the complaint appear to stem from personal disputes between Plaintiff and Defendant Land, which at various times involved Defendant Brouillette, acting in her capacity as a family court judge. *See id.* Specifically, in her affidavit of facts, Plaintiff alleges that on January 18, 2023, Defendant Land called the police and made "false accusations and filed a temporary refrain from order" against Plaintiff and Zaria Bartolomie, another individual who was temporarily living with them. *See* Dkt. No. 1 at 8. Plaintiff further alleges that, upon returning home, she discovered that Defendant Land had removed all of Plaintiff's and Ms. Bartolomie's belongings from their residence and had allegedly

stolen some of the belongings. *See id.* At this point, Plaintiff and Ms. Bartolomie made an "affidavit of facts," which they brought to the Oneida County Family Court Clerk's Office. *See id.* Plaintiff alleges Judge Brouillette heard from both parties that same day, ignored Plaintiff's version of events, and ordered Plaintiff and Ms. Bartolomie to vacate their shared residence with Defendant Land within two hours. *See id.*

Under the causes of action, Plaintiff claims that Defendants' conduct constituted violations of, among other things, (1) various provisions of the New York State Penal Law, (2) 28 U.S.C. § 518, (3) 18 U.S.C. §§ 241-42, 245, (4) 42 U.S.C. §§ 3631, 14141, (5) 28 U.S.C. §§ 351-64, and (6) the First Amendment of the United States Constitution. *See* Dkt. No. 1 at 2, 5-6. In addition to the complaint, Plaintiff has filed a motion for a temporary restraining order, seeking an order directing, among other things, that Defendants "cease their criminal activity." Dkt. No. 2 at 1.

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted). A party seeking a preliminary injunction must demonstrate "(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." *Faiveley Transport Mahno AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009) (citation and internal quotation marks omitted). The legal standards governing preliminary injunctions and temporary restraining orders are the same. *See AFA Dispensing Group B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010).

In the present matter, the Court finds that Plaintiff's motion for a temporary restraining order must be denied. Initially, the Court notes that it has serious questions regarding whether it has subject matter jurisdiction over Plaintiff's claims. While Plaintiff has sued a state official and her claims could be liberally construed as being brought pursuant to 42 U.S.C. § 1983, Defendant Brouillette is a New York State Family Court judge, and the allegations raised against her relate solely to actions that were taken in her judicial capacity. As such, any claims against her are likely subject to dismissal based on the doctrine of absolute judicial immunity. *See McCluskey v. N.Y.S. Unified Court Sys.*, 442 Fed. Appx. 586, 588 (2d Cir. 2011). Additionally, Defendant Land is a private individual who is not alleged to have been acting under color of state law and, therefore, not subject to suit under Section 1983. *See id.* at 589.

Additionally, Plaintiff's complaint makes clear that there is currently an ongoing state court proceeding in the Oneida County Family Court relating to the alleged improper eviction and alleged violation of the order of protection. The Supreme Court has instructed that federal courts are generally required to refrain from enjoining or otherwise interfering in ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 47, 43-45 (1971). Given the allegations in the complaint, it appears that all of the requirements for *Younger* abstention would apply to this matter, to the extent that Plaintiff is seeking an order enjoining conduct that is subject of an ongoing state court proceeding. Additionally, under the Anti-Inunction Act, 28 U.S.C. § 2283, a federal court is barred from enjoining ongoing state court proceedings.

As noted above, Plaintiff also references several state and federal criminal laws in her complaint and alleges that Defendants have violated these laws. Plaintiff, however, does not have standing to compel any law enforcement agents or state official to prosecute alleged criminal acts

3

because there is no private right of action to enforce state or federal criminal laws. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Since Plaintiff has failed to demonstrate that the Court has subject matter jurisdiction over her claims and since the Court is otherwise prohibited from granting the relief requested, the Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits. Alternatively, the Court finds that Plaintiff has failed to demonstrate irreparable harm in the absence of an injunction. Plaintiff's claim of financial distress and reputational harm from being improperly removed from her temporary residence and the alleged false police reports are insufficient to establish irreparable harm. *See Williams v. State Univ. of N.Y.*, 635 F. Supp. 1243, 1247-48 (E.D.N.Y. 1986); *see also Holt v. Continental Grp.*, 708 F.2d 87, 91 (2d Cir. 1983). As such, Plaintiff's motion for a temporary restraining order is denied on this alternative ground.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for a temporary restraining order (Dkt. No. 2) is **DENIED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Lovric for a decision on Plaintiff's motion for leave to proceed *in forma pauperis* and an initial review of the complaint; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 24, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge