**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TIRZA F. MING,**

                                        **Plaintiff,**

         **vs.**                                                **6:23-CV-0086**
                                                                 **(MAD/ML)**

**JULIA BROUILLETE, in official and**
**personal capacity; and MINDY A. LAND,**

                                        **Defendant.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**TIRZA F. MING**
709 Columbia Street
Utica, New York 13502
Plaintiff _pro se_

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

**I.  INTRODUCTION**

On January 23, 2023, _pro se_ Plaintiff, Tirza F. Ming, commenced this civil rights action

by filing a complaint along with an application to proceed _in forma pauperis_ ("IFP") and motion

for a temporary restraining order.  _See_ Dkt. Nos. 1, 2, 3.  On January 24, 2023, this Court denied

Plaintiff's motion for a temporary restraining order due to Plaintiff's failure to demonstrate

irreparable harm in the absence of the injunction.  _See_ Dkt. No. 6 at 4.  Additionally, this Court

referred the matter to Magistrate Judge Lovric for a decision on the motion to proceed IFP and an

initial review of the complaint.  _See id._

On April 7, 2023, Magistrate Judge Lovric issued an Order and Report-Recommendation

granting Plaintiff's motion to proceed IFP for purposes of filing and recommending the Court

1

dismiss the complaint in its entirety. *See* Dkt. No. 7 at 16. Magistrate Judge Lovric

recommended dismissal in part without leave to replead and in part with leave to replead. *See id.*

## II. BACKGROUND

Plaintiff's Complaint claims that Defendants Julia Brouillete, an Oneida County Family

Court Judge, and Mindy Land, an individual with whom Plaintiff lived, violated her rights. *See*

*generally* Dkt. No. 1. The complaint describes personal disputes between Plaintiff and Defendant

Land concerning their living arrangement which occasionally involved Defendant Brouillete in

her capacity as a family court judge. *See id.* Specifically, Plaintiff alleges that Defendant Land

removed Plaintiff's belongings from the home and stole some of her items. *See id.* at 8.

Moreover, Plaintiff alleges that during the family court hearing between Plaintiff and Defendant

Land, Defendant Brouillete ignored Plaintiff's version of the events. *See id.* Accordingly,

Plaintiff asserted causes of action under 42 U.S.C. § 1983, various New York State criminal

provisions, federal criminal provisions, and the First Amendment of the United States

Constitution, seeking compensatory and punitive damages. *See id.* at 5-6.

In an Order and Report-Recommendation dated April 7, 2023, Magistrate Judge Lovric

granted Plaintiff's motion to proceed IFP and recommended the Court dismiss Plaintiff's

complaint in part without leave to amend and in part with leave to amend. *See* Dkt. No. 7 at 16.

Magistrate Judge Lovric recommended dismissal of the complaint without leave to amend to the

extent that it asserts Defendants violated various criminal laws, noting "there is no private right of

action to enforce state or federal criminal statutes." *Id.* at 6. Magistrate Judge Lovric also

recommended that claims pursuant to 28 U.S.C. § 518 be dismissed because this statute concerns

procedures involving the Attorney General and "Plaintiff has not alleged any involvement of the

United States nor does this statute appear to be applicable to Plaintiff's claims against Defendants." *Id.* at 7-8.

In addition, Magistrate Judge Lovric recommends dismissal of Plaintiff's claims pursuant to 42 U.S.C. § 3641, a provision of the Fair Housing Act concerning criminal violations, and 42 U.S.C. § 14141,[1] "prohibit[ing] governmental employees from depriving persons of rights . . . protected under the constitution," both of which do not provide a private right of action. *See id.* at 8. Magistrate Judge Lovric also recommended dismissal of Plaintiff's claims pursuant to 28 U.S.C. §§ 351-364 because those provisions authorize complaints against United States Circuit, District, Bankruptcy, and Magistrate Judges—not state family court judges. *See id.* at 9-10.

Finally, Magistrate Judge Lovric recommends dismissal of Plaintiff's claims pursuant to 42 U.S.C. § 1983 and the First Amendment, finding (1) the complaint fails to plausibly show that Defendant Land was a state actor, and (2) the doctrine of judicial immunity bars a § 1983 action against Defendant Brouillete. *See id.* at 11-12. Magistrate Judge Lovric finds that leave to replead would be futile as to Plaintiff's claims pursuant to: state and federal criminal provisions; 28 U.S.C. §§ 351-364; 42 U.S.C. §§ 3631, 14141; and all claims against Defendant Brouillete. *See id.* at 14. Magistrate Judge Lovric recommends an opportunity to replead as to the § 1983 and First Amendment claim against Defendant Land, despite "serious doubts about whether Plaintiff can replead to assert an actionable claim[.]" *See id.* at 15. Neither party objected to Magistrate Judge Lovric's Order and Report-Recommendation.

## III.  DISCUSSION

### A.    Standard of Review

---

[1] Recodified as 34 U.S.C. § 12601 as of September 1, 2017.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08–CV–322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that-- . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.      Claims Pursuant to New York State and Federal Criminal Provisions**

To the extent that Plaintiff's Complaint alleges criminal offenses under Title 18 and the New York Penal Law, the Court agrees with the Order and Report-Recommendation that there is no private right of action to enforce state or federal criminal statutes unless the statute specifically

4

authorizes it.  *See* Dkt. No. 7 at 6; *see also Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (noting that a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another).

**C.     Claims pursuant to 28 U.S.C. §§ 351-364, 518 and 42 U.S.C. §§ 3631, 14141**

Generally, 28 U.S.C. § 518 provides that "[e]xcept when the Attorney General . . . directs otherwise, the Attorney General and Solicitor General shall conduct and argue suits . . . in the United States Court of Federal Claims."  28 U.S.C. § 518.  This Court agrees with Magistrate Judge Lovric that this statute is not applicable to Plaintiff's claims against Defendants, which do not involve the United States.  *See* Dkt. No. 7 at 7.

Similarly, the Court agrees that 28 U.S.C. §§ 351-364, the Judicial Conduct and Disability Act of 1980 ("the Act"), is inapplicable to Plaintiff's claims.  *See id.* at 9.  The Act "authorizes complaints against United States Circuit, District, Bankruptcy, and Magistrate Judges" by filing a complaint with the clerk of the court of appeals for the circuit.  *Killingsworth v. Bringedahl*, No. 21-CV-0337, 2023 WL 2486552, *3 (M.D. La. Feb. 24, 2023); 28 U.S.C. § 351(a).  A complaint may be dismissed if it is "directly related to the merits of a decision or procedural ruling." *Killingsworth*, 2023 WL 2486552 at *3.

Here, Defendant Brouillete is a state family court judge—not a United States Circuit, District, Bankruptcy, or Magistrate Judge.  Moreover, Plaintiff's Complaint was not filed with the court of appeals and, as Magistrate Judge Lovric noted, "merely seek[s] a review of what she perceives to be incorrect judicial decisions by Defendant Brouillete."  Dkt. No. 7 at 10; *see generally* Dkt. No. 1.  Thus, the Court agrees with Magistrate Judge Lovric that the Act is inapplicable to Plaintiff's claims.

To the extent that Plaintiff asserts claims pursuant to 42 U.S.C. §§ 3631, 14141, the Court agrees with the Order and Report-Recommendation that these claims must be dismissed. *See* Dkt. No. 7 at 8. Neither § 3631, a Fair Housing Act provision relating to criminal violations, nor § 14141, "prohibit[ing] governmental employees from depriving persons of rights . . . protected under the constitution," provide a private right of action. *See id.*

**D.** **Claims Pursuant to 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of her rights or privileges as secured by the Constitution of the United States. *See Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998). Private parties are generally not state actors and may only be subject to liability under § 1983 in limited circumstances. *See White v. Monarch Pharmaceuticals, Inc.*, 346 Fed. Appx. 739, 740–41 (2d Cir. 2009). A private party may be held liable only as "a willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). A private party acts under the color of state law if they jointly participate or conspire with a state actor to violate an individual's federal rights. *See Adickes*, 398 U.S. at 152.

In the present matter, Plaintiff's Complaint does not suggest that Defendant Land jointly participated or conspired with a state actor. *See generally* Dkt. No. 1. The complaint alleges offenses committed by Defendant Land and Defendant Brouillete individually—not in a conspiracy. *See id.* Accordingly, the Court finds that Magistrate Judge Lovric correctly determined that Plaintiff's § 1983 claim against Defendant Land must be dismissed. *See* Dkt. No. 7 at 12.

**E.    Judicial Immunity**

The doctrine of judicial immunity bars Plaintiff's claims pursuant to § 1983 against Defendant Brouillete.  Judges have immunity from claims asserted against actions taken within their judicial duties.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  "[A]cts arising out of, or related to, individual cases before [a] judge are considered judicial in nature" and "even allegations of bad faith . . . cannot overcome judicial immunity."  *Blivens v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009).

As Magistrate Judge Lovric noted, Plaintiff's claims arise solely from Defendant Brouillete's actions as a New York Family Court Judge.  *See* Dkt. No. 1; Dkt. No. 7 at 13.  The complaint alleges that during a family court hearing to resolve a conflict between Plaintiff and Defendant Land, Defendant Brouillete "discarded everything that [Plaintiff] said" and "was not willing to reason with [Plaintiff]."  Dkt. No. 1 at 8.  The Court agrees with Magistrate Judge Lovric that judicial immunity bars Plaintiff from bringing claims against Defendant Brouillete for actions taken in her capacity as a family court judge.  *See* Dkt. No. 7 at 13.

**F.    Opportunity to Replead**

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted).  Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it."  *Id.* (citation omitted); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

The Court agrees that Plaintiff's claims pursuant to (1) state and federal criminal provisions, (2) 28 U.S.C. §§ 351-364, (3) 42 U.S.C. §§ 3631, 14141, and (4) all claims against Defendant Brouillete must be dismissed without leave to replead because the issues with those claims are substantive. *See* Dkt. No. 7 at 14. Finally, the Court agrees with Magistrate Judge Lovric that Plaintiff should be granted an opportunity to replead the claims pursuant to § 1983 and the First Amendment against Defendant Land out of deference for her *pro se* status. *See Cuoco*, 222 F.3d at 112.

## IV.  CONCLUSION

After carefully reviewing Magistrate Judge Lovric's Order and Report-Recommendation and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Lovric's April 17, 2023 Order and Report-Recommendation (Dkt. No. 7) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITHOUT LEAVE TO REPLEAD** to the extent that it asserts claims pursuant to (1) New York State and federal criminal provisions; (2) 28 U.S.C. §§ 518, 351-364; (3) 42 U.S.C. §§ 3631, 14141, and (4) 42 U.S.C. § 1983 and the First Amendment of the United States Constitution against Defendant Brouillete; and the Court further

**ORDERS** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH LEAVE TO REPLEAD** to the extent that it asserts claims pursuant to 42 U.S.C. § 1983 and the First Amendment of the United States Constitution against Defendant Land, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court further

**ORDERS** that Plaintiff shall file her amended complaint within thirty (30) days of the date of this Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within thirty (30) days, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 24, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge